TRUSTEES OF the COLORADO PIPE
INDUSTRY INSURANCE
FUND, Plaintiff,

v.

LPCC, INC., d/b/a Curtright Plumbing &
Heating, Defendant.

No. 82–K–119.

United States District Court,
D. Colorado.

Oct. 25, 1982.

---

Rhett K. Dacus and Martin D. Buckley, Hornbein MacDonald, Fattor & Buckley, P.C., Denver, Colo., for plaintiff.

James D. Johnson, Blunk & Johnson, Denver, Colo., Rhonda Woodard, Trierweiler, Bayless, Barrett & McCartney, Cheyenne, Wyo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action is brought under Section 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1145, by trustees of certain multi-employer employee benefit plans. I have previously ruled on defendant's motion for summary judgment (see Memorandum Opinion and Order of August 3, 1982), and defendant now moves to renew its motion. There are three collective bargaining agreements involved in this litigation: June 1, 1975, June 1, 1978 and June 1, 1981. The renewed motion for summary judgment is addressed only toward the June 1, 1981 agreement. I have held that jurisdiction and venue are based on Title 29 U.S.C. § 185, 29 U.S.C. § 1132(e)(1) and (f), 29 U.S.C. § 1132(g)(2) and § 1145 and 29 U.S.C. § 1132(e)(2). The renewed motion for summary judgment is granted.

Defendant seeks to have this action dismissed as to it on the 1981 agreement claiming that it is not a party to this agreement and as such cannot be compelled to make payments into the various benefit funds. Not only did defendant, its officers and agents not sign the agreement, but it did not ratify or adopt the agreement. Plaintiff argues that defendant is bound to the contract due to its membership in the multi-employer bargaining unit which is a signatory to the agreement. The June 1, 1981–May 31, 1982 contract is entitled: "Agreement between Plumbers and Pipe Fitters Local No. 192 and Southern Wyoming Association of Contractors, Inc." Article II of the agreement specifies that the Southern Wyoming Association of Contractors, Inc., was acting as agent only for the members listed in Schedule A and/or any other contractors who might later become a signatory to the contract. Schedule A lists the members of the Southern Wyoming Association of Contractors, Inc., as: P.S. Cook Plumbing & Heating; Frontier Plumbing & Heating; Industrial Plumbing & Heating; L & H Constructors, Inc.; Mountain West Construction, Inc.; Surbeck Plumbing & Heating; and Vaughn's Plumbing & Heating. The Union committee chairman was Dennis M. Goodwine. The negotiation committee for the union consisted of Dennis M. Goodwine, Rick S. Hoffman, Larry McKee, Terry Rice, Eric Whittenberger and William Hemenover. The Southern Wyoming Association committee was comprised of James P. Federer, George Hess, Gil Lindstadt, George Surbeck, Vaughn Cross and Reed Rawlins, with George Hess as chairman. Schedule A does not contain the names of defendant, LPCC, Inc., its president, Larry D. Neese, nor Raymond E. Curtright and C. Curtright Plumbing and Heating. Defendant asserts that neither Neese nor LPCC have ever been members of the Southern Wyoming Association of Contractors.

I earlier held that defendant was bound expressly and impliedly by its signature and actions to the 1975 and 1978 agreements. The June 1, 1975–May 31, 1978 agreement is entitled "Agreement between Plumbers and Pipe Fitters Local Union No. 192 and the Cheyenne and Laramie Plumbing and Heating Contractors." The June 1, 1978–May 31, 1980 contract is captioned "Agreement between Plumbers and Pipe Fitters Local Union No. 192 and Master Plumbing & Heating, Air Conditioning and Pipe Fitting Contractors of Southern Wyoming."

Plaintiff seeks now to bind defendant to the 1981 agreement because it was bound to the earlier agreements. Plaintiff charges that in 1981 LPCC belonged to the Master Plumbing and Heating, Air Conditioning and Pipefitting Contractors of Southern Wyoming, a multi-employer bargaining unit with an existing contract with Local 192 of the Union. I reject plaintiff's argument that merely because defendant was a party to and bound by the

1975 and 1978 agreements it is automatically bound to the 1981 agreement. Creation of and membership in a multi-employer bargaining unit is consensual. The unit consists only of those who are bound by and have participated in the joint negotiations. It is basic contract law that even with the existence of a previous contract, a party is not bound to any contract without its consent, signature, or some act of ratification.

Defendant admits that Neese was a party to the early negotiations to the 1981 agreement, but argues that it effectively withdrew its membership in the multi-employer bargaining unit when, after the second meeting, the union representative objected to Neese's presence at the negotiations since LPCC had no union members as employees. Neese discontinued his participation in the negotiations and stopped all contributions to the trust fund.

The National Labor Relations Board has required notice of withdrawal from the bargaining unit to be clear and unequivocal. *Retail Associates, Inc.,* 120 N.L.R.B. 338, 41 LRRM 1502 (1958). The Tenth circuit has followed this rule, and in *NLRB v. Tulsa Sheetmetal Works, Inc.,* 367 F.2d 55, (1966) said:

> "Although participation in multi-employer bargaining is voluntary, the Board has repeatedly held that withdrawal therefrom can be accomplished only at an appropriate time and in the absence of union consent or unusual circumstances, withdrawal is untimely if attempted after the commencement of negotiations." (citations omitted)

Defendant argues that its action clearly indicate its desire to discontinue participation in and association with the bargaining unit. Plaintiffs dispute this by asserting that Goodwine's request that Neese not continue to be a part of the negotiating committee was not a consent to withdrawal, and notice of withdrawal is only adequate if it is made in writing prior to the beginning of negotiations.

Defendant has met the *Tulsa Sheetmetal, supra* requirements and timely and effectively withdrew from the negotiating process and the bargaining unit. The union did more than merely consent to LPCC's withdrawal—its representative force the withdrawal, and because of this, defendant's withdrawal did not need to be made in writing. It is therefore

ORDERED that the renewed motion for summary judgment is granted.